**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-11237
Summary Calendar

HAROLD BRAMER; JO ANN BRAMER

Plaintiffs-Counter Defendants-Appellants

VERSUS

AMICA MUTUAL INSURANCE CO.

Defendant-Counter Claimant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
(3:96-CV-973)

April 15, 1997

Before SMITH, DUHÉ and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

Harold and Jo Ann Bramer ("Bramer"), sued Amica Mutual Insurance Company ("Amica"), seeking a declaration that Amica was obligated under insurance policies it issued to them to defend and indemnify them in a suit brought against them by the Watkins, and to pay for foundation damage. Bramer also sought damages from Amica for breach of the insurance contracts, breach of the duty of good faith and fair dealing , and a declaration that alleged

---

[1]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

foundation damage was covered under one of the policies. The district court granted Amica's motion for summary judgment, denied those filed by Bramer, and dismissed Bramer's claim. We affirm.

Watkins purchased a home from Bramer and later sued alleging that Bramer made misrepresentations concerning the condition of the home. Watkins alleged negligence, breach of warranty and contract, gross negligence, fraud and violation of the Deceptive Trade Practices Act. Bramer called upon Amica to defend and, if necessary, to pay under its Homeowner's Policy and its Dwelling Policy issued to Bramer. Amica declined and this suit followed.

In this court, Bramer alleges that the district court erred in holding that no "occurrence" was alleged as required by the homeowner's policy, no coverage existed for bodily injury because physical pain was alleged, and holding that no property damage was alleged. Our thorough review of the record, the briefs of the parties and the Memorandum Order and Opinion of the trial judge convinces us that the trial judge was correct in each instance and we therefore affirm for the reasons given by him.

AFFIRMED.